The cause stood continued to this term for advisement; and now the justices present delivered their opinions to the following effect:
Parker, J.
The decision of this action depends wholly upon the construction to be given to the statute which set off Jonathan Kingsbery, Jun., and his estate from the westerly precinct, and annexed them to the easterly parish in Needham. The words of the act do not convey to my mind an intention in the legislature to make a permanent * alteration in the territorial limits of the two parishes, but rather to grant a personal convenience to the person, at whose instance the act passed. The inconveniences, which gave rise to his application, might be peculiar to him. A variety of considerations may be conceived, which should make it desirable to him to change his place of worship, which would have no application to his son, or to any person, who might afterwards possess the estate then held by him. The act does not state the inconvenience to arise from the relative situation of the land; nor does it mention the heirs or successors of the then owner; as is, I think, usual and natural, where a permanent transfer of the land from one parish to another is intended to be made It appears to me that as soon as Jonathan Kingsbery died, the statute ceased to operate, and his estate reverted r to the westerly precinct. Of consequence, my opinion is, that the defendants were bound to tax the plaintiff, and that the facts agreed do not support his action.
Sewall, J.
The plaintiff belongs to the westerly precinct in Needham, and is liable to be taxed therein, unless the act of the government, which annexed his father, with his estate, to the easterly parish in that town, has made the land, which then constituted his father’s estate, and which is now the estate of the plaintiff, a part of the latter parish. But I cannot think this to be the true construction of tbe statute in question. Upon looking into the numerous acts which have been made for similar f urposes, I find that *138 where a permanent change is contemplated, the land is described by its boundaries, or in some other manner; and in one act at least it is declared that the land shall forever be, &c., — When nothing of this kind is contained in any such law, I apprehend the legislature must be understood to mean an accommodation merely personal to the individual; that upon his death the provision is at an end, and the land returns to, and again constitutes a part of the territory from * which it was before taken, and, with the owners or occupants, becomes liable to taxes therein.
If the plaintiff is desirous of being attached to the east parish, he may probably obtain his wish by petitioning the legislature, as his father did. Until then I consider him and his estate as lying within the limits of the westerly precinct, and to be legally ratable there. My opinion, of course, is that the defendants, on the facts before us, are not chargeable in this action.
Sedgwick, J.
The question, in this case, for the decision of the Court, upon the facts agreed, is, whether the plaintiff is liable to assessments for parish taxes in the westerly precinct of Needham; ar.d this question depends altogether upon the construction which ought to be given to the act of the legislature, referred to in the case stated. By that act, (which was passed upon the representation of Jonathan Kingsbery, that it was very inconvenient to him to attend the public worship of God in the westerly precinct, and his request to be annexed to the easterly parish in Needham,) it is provided that the said Jonathan and his estate, belonging to the W. pi ecinct, be set off from the said precinct, and annexed to the said E parish.
Was this provision personal to him, or was it a permanent alteration of the territorial limits of the precinct and parish ?
Acts of this kind vary much in their modes of expression. Some of them describe the boundaries of the land intended tobe included in the provision; but much the larger part of them use language similar to that in the act under consideration.
The inconvenience to the then occupant of the land was the ground of passing the law; and no reason has been suggested, and none occurs to my mind, why that inconvenience is not as great to the plaintiff, the present occupant, as it was to his predecessor. The limits of these parishes were altered in the life, of Jonathan Kingsbery; and there is in the statute no time fixed when it should cease to operate. *1 know not that we can put a limitation to it. The reason which occasioned its enactment still existing, I cannot say that it was intended as a personal accommodation to the then tenant only, and that its opera tian ceased at his death.
*139 I might, perhaps, have brought my mind to doubt on this question, if I had not known very many instances, in which the practical construction of provisions of this kind has been, that they were not intended as mere personal grants to the individual named, but as a perpetual annexation of the lands into whose hands soever they might afterwards come.
My opinion, therefore, is, that the plaintiff is a member of the east parish in Needham, and there duly taxable for parochial charges ; and that of course the defendants, assessors of the west precinct, acted without authority of law in taxing him for the charges of that precinct, and thereby made themselves liable to this action of the plaintiff. But a majority of the judges being of a contrary opinion, the judgment of the Court is with the defendants.

Plaintiff nonsuit